DONALD W. HEYRICH
BRANDA N. ANDRADE
PERKINS COIE LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
(425) 635-1400

Attorneys for Defendants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 25 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM CARTER and JANET CARTER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>DANA CORPORATION, a foreign corporation and DANA CORPORATION INCOME PROTECTION PLAN,<br><br>Defendants. | NO. CV-05-0102-FVS<br><br>STIPULATION AND PROTECTIVE ORDER |

STIPULATION AND PROTECTIVE ORDER - 1

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

## I.   STIPULATION

The parties hereby stipulate to the terms of the following Protective Order and agree that it may be entered by the Court without further notice of presentation to any party.

DATED this _18_ day of October, 2005.

| PAUL J. BURNS, P.S. | PERKINS COIE LLP |
|---|---|
| By _/s/_ | By _/s/_ |
| Paul J. Burns, WSBA #13320<br>Attorneys for Plaintiffs William Carter and Janet Carter | Donald W. Heyrich, WSBA #23091<br>Branda N. Andrade, WSBA #30653<br>Attorneys for Defendants Dana Corporation and the Dana Corporation Income Protection Plan |

STIPULATION AND PROTECTIVE ORDER - 2

[55117-0035-000000/BA052870 008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

## II.    ORDER

Pursuant to the foregoing stipulation of the parties and to Federal Rule of Civil Procedure 26(c), it is hereby ordered that the following provisions shall apply to all discovery in this litigation:

1. This Protective Order shall apply whether the materials or documents have been produced pursuant to formal discovery, by subpoena or by agreement.

2. The term "documents" as hereinafter used includes but is not limited to written, photographic or electronic media extracts, summaries thereof and attachments thereto; answers to interrogatories; requests for admission and answers thereto; deposition transcripts and exhibits; answers to requests for production; and any portions of Court papers which quote from or summarize any of the foregoing.

3. All documents, information and/or similar materials produced in this litigation, or specific portions thereof, may be marked or otherwise designated by the parties as "confidential" if:

    (a) They contain financial or other proprietary information that is held confidential by any party;

    (b) They are part of an individual's personnel records or similar file, including employee applications and the individual's identifying information such as his or her name, address, telephone number, or social security number, that a party to this litigation treats as confidential;

STIPULATION AND PROTECTIVE
ORDER - 3

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

(c) The producing party is under an obligation to protect such materials pursuant to protective orders in other actions or confidentiality agreements.

(d) They describe, contain or disclose internal company information that is legitimately held confidential within the company; or

(e) They contain medical records or other health care information, even if health care information is produced by a third party pursuant to stipulation or subpoena.

The determination of whether produced materials fall into one of the above categories shall be made in the first instance by the party from whom discovery is sought. In the event opposing counsel believes that any produced materials so designated as confidential are not within the scope of this Protective Order, counsel for both parties shall confer in an effort to resolve the matter. If a disagreement remains between the parties as to whether particular produced materials have been properly designated as "confidential," the dispute may be resolved by the Court.

4. The parties recognize that experience may disclose that further categories of documents should also be treated as "confidential." Entry of this Protective Order does not foreclose further agreements by counsel to keep documents confidential or application to the Court for protection of other confidential information.

5. If any party determines to mark information as confidential, that shall be done by stamping each confidential page of documents with the notice "confidential" prior to its production or, in the case of documents produced by

STIPULATION AND PROTECTIVE
ORDER - 4
[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

non-parties to this litigation, within thirty (30) days of their receipt by counsel of record, the party requesting protection under this order shall notify opposing counsel in writing for which documents it is requesting a designation of "confidential" under this order. In the case of nondocumentary materials, "confidential" shall be marked prominently on the item. Plaintiffs' medical records shall be considered "confidential" when received regardless of whether they have been stamped confidential.

6. Except as expressly provided for in this Protective Order, "confidential" materials and documents and any information contained therein shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity and shall be used only for the prosecution and/or defense of this litigation and for no other purpose. Notwithstanding the preceding, nothing in the Protective Order shall in any way limit or preclude any party from using any of the files, records, information or materials created or maintained for any of the business purposes for which they were created or maintained. In addition, this Protective Order does not preclude defendants from using any "confidential" documents or information produced by defendants to plaintiffs in this action, to defend their position in other litigation, provided that if the confidential documents or information which defendants are attempting to use in other litigation relates to personal information or documents regarding the plaintiffs, then defendants agree that they will make a good faith effort to obtain a Protective Order similar to this one to protect the confidentiality of the plaintiffs' personal information. The same provision

STIPULATION AND PROTECTIVE
ORDER - 5

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

applies to plaintiffs' productions. This provision does not serve as a release of any information defendants hold or obtain about plaintiffs.

7.  "Confidential" documents may be referred to in interrogatory answers, motions and/or briefs and may be used in depositions and marked as deposition exhibits or trial exhibits in this litigation. Each party shall give the other parties the best practical notice of his/her or its intent to file "confidential" documents or information, so the other parties may move to compel filing of the "confidential" material under seal, if they wish. The parties will cooperate to ensure the motion is heard before the "confidential" material is filed. Such cooperation will include agreeing to shorten time for notice of the motion.

8.  Except as provided above or pursuant to Court order, "confidential" documents shall not be disclosed to anyone except:

   (a)  The parties, their attorneys of record and their employees involved in the conduct of this litigation, and any mediator mutually agreed by the parties;

   (b)  Any person who was an author or addressee of the document or who is shown on the document as having received a copy of it, or whose personnel file it is;

   (c)  The Court, jury, Court personnel, Court reporters and similar Court personnel, trial witnesses giving courtroom testimony, and mediators;

   (d)  Any deposition in this litigation when shown to such witness before or during his or her testimony, provided the confidential

STIPULATION AND PROTECTIVE
ORDER - 6
[55117-0035-000000/BA052870 008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

item shown to the witness has a reasonable and bona fide relationship to his or her testimony and subject to paragraph 11 below;

(e) Consultants and experts retained by any party for purposes of assisting in the preparation, investigation or presentation of claims or defenses in this litigation;

(f) Those current or former employees, officers and/or directors of defendants Dana Corporation and Dana Corporation Income Protection Plan who are assisting in prosecuting or defending this claim.

9. Prior to being shown "confidential" documents, any person falling within paragraph 8(d) through 8(f) hereof shall agree in writing to be bound by the terms of this order by signing an agreement to be found in the form of Attachment A hereto.

10. A deponent may, before or during the deposition, be shown and examined about stamped "confidential" documents subject to the terms of this Protective Order.

11. Any party may either during a deposition, or within twenty one (21) days after the date the deposition is held, designate portions of that deposition, and exhibits thereto not already designated confidential, as "confidential." Confidential information within the deposition shall be described by subject matter, if a transcript is not available, or may be designated by underlining the portions of the pages that are confidential and marking such pages with substantially the following legend: "Confidential –

STIPULATION AND PROTECTIVE
ORDER - 7

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

subject to protection pursuant to Court order." Until the expiration of the 21-day period, the entire deposition will be treated as subject to protection against disclosure under this Order unless all parties agree that no confidential information is at issue. In the event opposing counsel believes that any deposition passage so designated as confidential is not within the scope of this Protective Order, counsel for both parties shall confer in an effort to resolve the matter. If counsel are unable to resolve their differences, the dispute may be resolved by the Court. Disputed documents shall remain confidential pending determination of their status by the Court. If a party does not timely designate confidential information in a deposition, then none of the transcript or its exhibits not previously designated as confidential will be treated as confidential unless otherwise agreed by the parties or ordered by the Court. Nothing in this Protective Order shall limit the use of any deposition testimony or exhibits designated "confidential" in open court at any hearing in or during the trial of this litigation, provided that such use shall not relieve the parties from their obligations under this order.

12. No later than sixty (60) days following the "conclusion of these proceedings," as defined below, the recipient party shall return all "confidential" material to counsel for the producing party, together with all abstracts, copies and other documents containing any information contained within the documents, including those portions of depositions designated as confidential pursuant to the Protective Order. "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if

STIPULATION AND PROTECTIVE
ORDER - 8

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

concluded by trial, the exhaustion of available appeals or the running of time for taking such appeals, as provided by applicable law.

15.  Either party may seek modification of this Order upon motion and for good cause shown, by alleging specific changes and specific grounds.

16.  The parties expressly acknowledge and agree that all remedies under Federal Rule of Civil Procedure 37 will be available to the Court, in its discretion, to sanction any violation of this order.

DONE IN OPEN COURT this 24th day of October, 2005.

*Fred Van Sickle*
The Honorable Fred Van Sickle
United States District Court Judge

STIPULATION AND PROTECTIVE ORDER - 9

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400

# ATTACHMENT A

I, _____, have been advised by counsel of record for plaintiffs or defendants (circle one) in the matter of WILLIAM CARTER and JANET CARTER v. DANA CORPORATION and DANA CORPORATION INCOME PROTECTION PLAN, United States District Court for the Eastern District of Washington Case Number CV-05-0102-FVS, of the Protective Order governing delivery, exhibition, publication or disclosure to me of confidential documents and information produced in this litigation, together with the information contained therein. I have read a copy of said Protective Order and agree to abide by its terms, including its limitation on any further delivery, exhibition, publication or disclosure of documents and information subject to the order.

DATED this ____ day of _____, 200___.

_____

STIPULATION AND PROTECTIVE
ORDER - 1

[55117-0035-000000/BA052870.008]

Perkins Coie LLP
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA 98004-5579
Phone: (425) 635-1400
Fax: (425) 635-2400